IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEX VESELY, individually and as special administrator and brother of JITKA VESELY, | )<br>)<br>)<br>) |
| Plaintiff, | ) Civil Action No. 13 CV 00607 |
| v. | ) Hon. Charles R. Norgle |
| ARMSLIST, LLC, an Oklahoma Limited Liability Company, | )<br>)<br>)<br>) |
| Defendant. | ) |

**ORDER**

Plaintiff's: (1) Rule 59(e) Motion to Reconsider; or (2) in the Alternative, Rule 15(a) Motion to File Amended Complaint [43] is denied.

**STATEMENT**

On April 13, 2011, Jitka Vesel ("Jitka") was shot and killed in Illinois by Demetry Smirnov ("Smirnov"), a resident of Canada. Smirnov illegally purchased the handgun he used to commit the crime from a private seller, Benedict Ladera ("Ladera"), a resident of Seattle, Washington, who posted an advertisement for the handgun on armslist.com. On August 1, 2013, the Court entered a judgment dismissing Plaintiff Alex Vesely's, as special administrator and next of kin of Jitka ("Plaintiff") complaint against Defendant Armslist, LLC ("Defendant"), alleging negligence under the Wrongful Death Act, 740 Ill. Comp. Stat. 180/0.01, *et seq.*, the Survival Act, 755 Ill. Comp. Stat. 5/27-6, and the Rights of Married Persons Act, 750 Ill. Comp. Stat. 65/15.[1] Specifically, the Court held that Plaintiff's allegations of negligence were not supported by any recognized duty and declined his invitation to recognize a duty to the general public to prevent the criminal conduct of third-parties who misuse Defendant's website to illegally sell and buy firearms. Before the Court is Plaintiff's motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e), or in the alternative, for leave to file an amended complaint pursuant to Rule 15(a). For the following reasons, the motion is denied.

"[F]or relief under Rule 59(e) the movant must demonstrate a manifest error of law or fact or present newly discovered evidence." Boyd v. Tornier, Inc., 656 F.3d 487, 492 (7th Cir. 2011) (citations omitted). Rule 59(e) "requires that the movant 'clearly establish' one of the aforementioned grounds for relief." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)). Rule 59(e) motions "are not appropriately used to advance arguments or theories that could and should

---

[1] Neither Ladera, nor Smirnov was a party to this action.

have been made before the district court rendered a judgment, or to present evidence that was available earlier." Miller v. Safeco Ins. Co. of Am., 683 F.3d 805, 813 (7th Cir. 2012) (internal quotation marks and citation omitted). Further, Rule 59(e) cannot be used to "rehash" previously denied arguments. See Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). District court orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988); see also Odanuyi v. Scott, 41 F. App'x 854, 860 (7th Cir. 2002) (non-precedential order). "Whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996); see also Miller, 683 F.3d at 813.

Here, Plaintiff does not demonstrate a manifest error of law or fact or present newly discovered evidence. As initial matter, the Court notes that Plaintiff improperly rehashes previously denied arguments that the Court should, in light of Illinois public policy, recognize and impose on Defendant a duty to the general public to operate its website in such a way as to prevent private individual users from circumventing existing federal and state gun laws and municipal ordinances, and thereby guard against the criminal misconduct of third-parties. Plaintiff also argues that whether a duty of care exists in this case is a mixed question of law and fact; and, therefore the Court erred in ruling on the matter at this stage of the litigation. However, as the Illinois Supreme Court has made clear, whether a duty of care exists is a question of law to be determined by the Court, even where the question turns largely on public policy considerations. City of Chi. v. Beretta U.S.A. Corp., 821 N.E. 2d 1099, 1125 (Ill. 2004).

In any event, Plaintiff's complaint and his response to Defendant's motion to dismiss, show that he has no legal claim for Defendant's alleged negligent conduct. Defendant's website operates as nothing more than a searchable electronic bulletin board. The website has no involvement in the sales transactions of the products, including firearms, merely advertised on the website. Defendant does not sell, auction, deliver or ship firearms or ammunition. That the website enables prospective purchasers to search for and find gun sellers in any state simply does not support Plaintiff's conclusory argument that Defendant is therefore implicated in the illegal transfer of guns between private sellers and private buyers. Indeed, in his complaint, Plaintiff concedes that Defendant's website includes a disclaimer that places the entire burden of complying with state and federal gun laws on the user of the website, and that the user cannot proceed to use the website without first agreeing to this term of use. Plaintiff does not submit any binding authority to support his argument that the Court should judicially impose on Defendant—whose website merely publishes advertisements posted by private sellers—a duty to Jitka or the general public to prevent illegal gun sales transactions between third-parties. Nor does Defendant have a duty to advise third-party users of the website of federal laws, or state laws and municipal ordinances that may exist in a particular jurisdiction. Because Plaintiff fails to clearly establish any ground for relief under Rule 59(e), his motion to reconsider is denied.

Finally, a plaintiff may only amend the complaint under Rule 15(a), with leave of court, "after a motion under Rule 59(e) or 60(b), Fed.R.Civ.P., has been made and the judgment has been set aside or vacated." Twohy v. First Nat'l Bank of Chi., 758 F.2d 1185, 1196 (7th Cir. 1985) (citation omitted). Because the requirements of Rule 59(e) have not been satisfied, Plaintiff's Rule 15(a) motion to file an amended complaint is also denied.

For the foregoing reasons, the motion is denied. IT IS SO ORDERED.

ENTER:

*[signature: Charles R. Norgle]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: October 11, 2013